UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Roderick L. Hymon, <br><br> Plaintiff <br> v. <br><br> Nicole Sittre, et al., <br><br> Defendants | Case No. 2:23-cv-001916-JAD-NJK <br><br> **Order Dismissing Case and Denying Motion to Consolidate** <br><br> ECF No. 5 |

Roderick L. Hymon filed this civil-rights action alleging that his constitutional rights were violated by correctional officers and medical staff at the Clark County Detention Center. When the court learned that Hymon was no longer housed at the address that he had provided the court, he was ordered to update that address to bring him into compliance with Local Rule IA 3-1 by June 17, 2024, or have this case dismissed without prejudice.[1]  That order was returned to sender, and Hymon has not updated his address, leaving this court without a valid way to contact him.  I thus find that Hymon has violated a court order and failed to comply with Local Rule IA 3-1, which requires parties to immediately file a notice of changed address.  So I dismiss this case without prejudice to Hymon's ability to file it anew with an updated address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court may dismiss an action based on a party's failure to obey a court order or to comply with

---

[1] ECF No. 6.

[2] *Thompson v. Hous. Auth. of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986).

local rules.[3]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7]  Because this action cannot realistically proceed

---

[3] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[4] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130.

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

without the court and the defendants being able to send plaintiff case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline.  But without an updated address, the likelihood that the second order would even reach the plaintiff is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice, and Hymon's motion to consolidate this case with the others he has pending **[ECF No. 5] is DENIED** as moot.[8]  The Clerk of Court is directed **ENTER JUDGMENT** accordingly and to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 25, 2024

---

[8] Even if I were not denying this motion as moot, I would deny it on its merits because many of the cases with which Hymon seeks to consolidate this one have been dismissed and closed, and Hymon has not demonstrated a legal or factual basis for consolidation with the rest.